| | |
|---|---|
| Stanley M. Ballenger,<br>*Stanley Mark Ballenger*,<br>*former # 151010* | ) C/A No. 8:10-2294-JMC-KFM<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Report and Recommendation |
| vs. | )<br>) |
| J. Dale Owens, L/CPL, State Trooper, SC Hwy Patrol<br>Ace Team;<br>J. G. Stevens, L/CPL, State Trooper;<br>C. Nicholas Lavery, Esquire, and<br>Jack H. Lynn, Esquire, | )<br>)<br>)<br>)<br>) |
| | )<br>) |
| Defendants. | ) |

_____

This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

This is the second time this Court has considered virtually identical allegations by Plaintiff that his Fourth Amendment right against unreasonable searches and seizures was violated by the South Carolina state troopers who stopped his car for following too closely, and then conducted a full search of the car upon smelling marijuana. *See Ballenger v. Owens*, 352 F. 3d 842 (4th Cir. 2003)(affirming this Court's dismissal of Plaintiff's original § 1983 case arising from the subject

search and seizure). Evidence seized from the car, including a quantity of cocaine, a firearm, and marijuana, was used against Plaintiff when he was indicted on criminal charges of trafficking in cocaine, a firearms violation, and marijuana possession in Oconee County, South Carolina. Plaintiff pled guilty to the cocaine and firearms charges in November 2001 and was sentenced to 12 years in prison. It appears that he completed the sentence and was released from custody. In the Complaint filed in this case, he continues to claim that his constitutional rights were violated by the search and seizure, by the state prosecutor who submitted the seized evidence in support of the charges filed against him, and by his trial counsel who allegedly failed to properly litigate a motion to suppress the seized evidence. He asks this Court to award him damages against the state troopers, the former prosecutor, and the former trial counsel.

A review of the previous civil action and two previous federal habeas corpus actions filed by Plaintiff in this Court, *see* Civil Action Nos. 6:02-2002; 6:04-1438; 6:07-496, discloses that Plaintiff never received a favorable termination of his 2001 convictions. Both of his federal habeas corpus actions were unsuccessful, the second one resulting in a ruling on the merits and a dismissal with prejudice. None of his attempts in state court to have the convictions overturned were successful. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). Accordingly, even though Plaintiff is now out of prison, the convictions obtained against him with the seized evidence are still valid.

Plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a

2

less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Just as in 2002 and 2003 when this Court and the Fourth Circuit both considered his previous case, Plaintiff's Complaint here is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997). This time, however, the Complaint is subject to dismissal *with prejudice* because all of Plaintiff's attempts to overturn his convictions have been unsuccessful. With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][1] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

---

[1]*See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.  Accordingly, until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action for damages based on the conviction's alleged invalidity is barred.

As stated above, Plaintiff unsuccessfully pursued two § 2254 petitions in which some of the same allegations of unconstitutionality were made here.   He also pursued an unsuccessful § 1983 claim for damages and appeal therefrom, in which he was clearly informed of the *Heck* ruling and the requirement that he have his criminal convictions overturned or set aside if he wanted to successfully pursue a Fourth Amendment violation claim arising from the search of his vehicle.  The Fourth Circuit Court of Appeals made it clear that *Heck* applies in this situation because if the search and seizure were found to be improper, then the criminal charges based on the seized evidence would have to be invalidated. *Ballenger*, 352 F. 3d at 845-46.  Since Plaintiff has not been successful in having his 2001 convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his convictions, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate convictions.  As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Morever, to the extent that Plaintiff attempts to recover damages from the Assistant Solicitor, Defendant Lavery, who prosecuted him because he relied on the seized evidence to bring the criminal charges against Plaintiff, this case is barred by the doctrine of prosecutorial immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Ore. June 15, 1995)(allegations by plaintiff

of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). And, to the extent that he seeks to recover damages from his trial attorney, Defendant Lynn, for his failure to get the evidence suppressed, Plaintiff's Complaint fails to state a viable federal claim because Lynn was not a "state actor" in connection with his representation of Plaintiff. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.")

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *with prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.


              s/Kevin F. McDonald
              United States Magistrate Judge

September 8, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 E. Washington Street, Rm. 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).