# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Stanley M. Ballenger, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 8:10-cv-02294-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| J. Dale Owens, L/CPL, State Trooper | ) | |
| S.C. Hwy. Patrol Ace Team; | ) | |
| J.G. Stevens, L/CPL, State Trooper; | ) | |
| C. Nicholas Lavery, Esquire, and | ) | |
| Jack H. Lynn, Esquire | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. # 10] recommending that Plaintiff Stanley M. Ballanger's Complaint [Doc. # 1] be dismissed with prejudice. Plaintiff is proceeding *pro se* and under the *in forma pauperis* statute. 28 U.S.C. § 1915. Plaintiff filed this Complaint under 42 U.S.C. § 1983 in which he alleges various violations of the U.S. Constitution and other violations in connection with his criminal charges under state law. [Doc. # 1]. The Magistrate Judge filed his Report and Recommendation [Doc. # 10] on September 8, 2010, and recommended that Plaintiff's Complaint be dismissed with prejudice and without issuance and service of process. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge

makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

This court incorporates by reference the Magistrate Judge's recitation of the procedural history and facts of this case. [Doc. # 10, at 1-4].

After receiving the Magistrate Judge's Report and Recommendation on the pending motions, Plaintiff timely filed objections. [Doc. # 13]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern specific objections to portions of the Magistrate Judge's Report and Recommendation. [Doc. # 10]. Mr. Ballanger initially objects to the Magistrate Judge's statement that his second federal habeus corpus petition [No. 6:07-0496, Doc. # 1] was ruled upon on the merits and dismissed with prejudice. Mr. Ballenger's objection seems to be based on the assertion that the state waived four out of five of the issues he presented

in his Post-Conviction Relief (PCR) application. [Doc. # 13, at 2]. Mr. Ballenger also seems to base this objection on the assertion that he could not fulfill his exhaustion requirements. *Id.* However, Mr. Ballanger's arguments do not change the fact that the Magistrate Judge correctly stated that his second habeus corpus petition was dismissed with prejudice.

Next, Mr. Ballenger objects to the Magistrate Judge's conclusion that Defendant Lavery (the Assistant Solicitor who prosecuted Mr. Ballenger) is protected from the instant Complaint by the doctrine of prosecutorial immunity. [Doc. # 13, at 2-3]. Mr. Ballenger also objects [Doc. # 13, at 3] to the Magistrate Judge's conclusion that Mr. Ballenger may not seek to recover damages from Defendant Lynn, his trial attorney, because "Lynn was not a 'state actor' in connection with his representation of [Mr. Ballenger]." [Doc. # 10, at 5]. After reviewing the Magistrate Judge's Report and Recommendation, this court agrees with the Magistrate Judge's conclusions and therefore overrules Mr. Ballenger's objections. [Doc. # 13].

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 10] and **DISMISSES** Plaintiff's Complaint [Doc. # 1] with prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

February 3, 2011
Greenville, South Carolina